CAUSE NO. CV21-04-0136

| | | |
|---|---|---|
| SAMUEL ESPINAL OSMAR<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | WALLER COUNTY, TEXAS |
| 4-2 MANUFACTURING TEXAS, LLC<br>D/B/A EAST TEXAS PRECAST<br>*Defendant.* | §<br>§<br>§<br>§ | 506TH JUDICIAL DISTRICT |

### DEFENDANT MI-JACK PRODUCTS, INC.'S
### SPECIAL EXCEPTIONS TO PLAINTIFF'S SECOND AMENDED PETITION

Defendant Mi-Jack Products, Inc. ("Mi-Jack") files these special exceptions and would show the Court as follows:

### I.   Introduction

Plaintiff has failed to plead all elements of his claims and has failed to plead facts in support of his claims. Under Texas pleading standards, plaintiffs must allege *facts*, not just the legal elements of their claims. Instead of pleading facts, Plaintiff recites only conclusory, legal boilerplate language to set out – partially – his claims of negligence and strict liability against Mi-Jack.

### II.   Factual Background

According to his Second Amended Petition, on April 23, 2019, Plaintiff was on a worksite for 4-S Manufacturing Texas, LLC when the crane operator was using a crane that was "procured, maintained and/or manufactured by" Mi-Jack to place a bar on top of a commercial truck. Plaintiff alleges the chain on the crane snapped causing the bar to fall and hit Plaintiff thereby causing him injuries. Second Am. Pet. at ¶ 7.

**EXHIBIT 7**

### III. Argument and Authorities

**A. Texas law requires that Plaintiff plead all elements of his claims and facts in support thereof.**

Plaintiff's Second Amended Petition fails to meet pleading standards under Texas law. Pleadings must be detailed enough to allow an opposing party to determine the basic issues in the case and what evidence will be relevant. *See e.g.*, *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Special exceptions eliminate non-viable causes of action and force re-pleading of claims too vague to allow the preparation of a defense. *See* TEX. R. CIV. P. 91.

A party must plead not only every element of a claim but *facts* in support of each element as well. *See Horizon*, 34 S.W.3d at 897-898; *see also Neff v. Brady*, 527 S.W.3d 511, 529 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("Appellants fail to meet the fair notice standard because their pleading does not include facts sufficient to support a finding of liability…").

**B. Special Exception 1: Plaintiff has not pled all elements of his negligence claim against Mi-Jack or facts in support of those claims.**

Plaintiff's bare-bones petition fails to allege any specific facts showing Mi-Jack's liability. Mi-Jack specially excepts to paragraphs 8 through 10 of Plaintiff's Second Amended Petition, which allege a negligence claim. *See* Ex. 1.

In Texas, the elements of a negligence claim are: (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached the duty, and (3) the breach proximately caused the plaintiff's injury. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

With respect to the first element (duty), Plaintiff fails to identify which legal duty or duties Mi-Jack allegedly owed him, and fails to identify the source of any alleged duty or duties. With respect to elements two and three (breach/damages/causation), Plaintiff fails to plead sufficient

facts in support of those elements. Instead, Plaintiff asserts in conclusory fashion that Mi-Jack "breached its duty to Plaintiff." *Id*. at ¶ 9.

Similarly, Plaintiff asserts that Mi-Jack breached the unspecified duty by failing to "act in accordance with the appropriate standard of care" and "failing to act in a reasonably prudent manner." *Id*. at ¶ 9. Again, entirely absent are allegations and corresponding facts that detail: (1) what the applicable objective standard of care, i.e., legal duty, is; and (2) which specific actions of Mi-Jack fell below that applicable standard of care.

Accordingly, Plaintiff should be required to plead, with corresponding factual support: (1) what specific legal duty or duties Mi-Jack owed Plaintiff, and the corresponding source(s); and (2) the facts supporting his claim that Mi-Jack breached that duty or duties. If Plaintiff cannot replead adequately, the claim should be struck.

### C. Special Exceptions 2-5: Plaintiff has not pled all elements of his products liability claim against Mi-Jack or facts in support of that claim.

Plaintiff's petition also fails to properly plead his products liability claim. Mi-Jack specially excepts to paragraphs 11 through 16 of Plaintiff's Second Amended Petition. *See* Ex. 1.

Plaintiff's petition contains nothing more than boilerplate allegations of defective design, defective manufacturing, inadequate warning and instructions for use, and failure to conform to "defendant's express warranties, implied warranties and/or Defendant's factual representations." *Id*. at ¶ 16.

In Texas, the elements of product liability claim alleging a design defect are: (1) the product was defectively designed so as to render it unreasonably dangerous, (2) a safer alternative design existed, and (3) the defective design was a producing cause of the plaintiff's injury. *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).

The elements of a product liability claim based on a manufacturing defect are: (1) there was a product defect, (2) that existed at the time the product left the manufacturer's hands, (3) the defect made the product unreasonably dangerous, and (4) the defect was a producing cause of plaintiff's injury. *Gharda USA, Inc. v. Control Solutions, Inc.*, 464 S.W.3d 338, 352 (Tex. 2015).

The elements of a products liability claim arising out of a marketing defect are: (1) a risk of harm was inherent in the product or might arise from the intended or reasonably anticipated use of the product, (2) the supplier of the product knew or reasonably could foresee the risk of harm at the time the product was marketed, (3) the product had a marketing defect, (4) the lack of instructions or warnings rendered the product unreasonably dangerous to the ultimate user or consumer of the product, and (5) the failure to warn or instruct caused the plaintiff's injuries. *Ranger Conveying & Supply Co. v. Davis*, 254 S.W.3d 471, 480 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Plaintiff fails to plead facts in support of the elements of his products liability claim. Plaintiff fails to specify or plead any facts establishing or identifying (1) the design, manufacturing, or marketing defect he is alleging, (2) the safer alternative design(s) that allegedly existed, (3) that the alleged defect rendered the crane unreasonably dangerous, (4) that the alleged defect was a producing cause of Plaintiff's injury, (4) that a risk of harm was inherent in the crane or might arise from the intended or reasonably anticipated use of the crane, (5) that Mi-Jack knew or reasonably could foresee the risk of harm at the time the product was marketed, and (6) that the lack of instructions or warnings rendered the crane unreasonably dangerous.

Plaintiff also fails to plead facts in support of his claim that the crane "failed to conform to defendant's express warranties, implied warranties, and/or Defendant's factual representations." *See* Exhibit 1 at ¶ 16.

## IV. Conclusion

Plaintiff has failed to plead all necessary elements of his claims against Mi-Jack and has failed to plead sufficient facts in support of those claims. For these reasons, Mi-Jack respectfully requests that this Court grant these special exceptions.

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.**

*/s/ Rey Flores*
John Zavitsanos
Texas Bar No. 22251650
Rey Flores
Texas Bar No. 24068777
Hilary S. Greene
Texas Bar No. 24050688
1221 McKinney, Suite 2500
Houston, Texas 77010
Telephone: 713.655.1101
Facsimile: 713.655.0062
jzavitsanos@azalaw.com
rflores@azalaw.com
hgreene@azalaw.com

**ATTORNEYS FOR DEFENDANT MI-JACK PRODUCTS, INC.**

## **CERTIFICATE OF SERVICE**

 I hereby certify that on the 29th day of May 2021, a true and correct copy of the above and foregoing document was served on the following counsel of record by e-mail transmission:

Husein Hadi
Jamil Thomas
Carnegie H. Mims, III
Sedrick Stagg
Seve Thomas
The Hadi Law Firm, PLLC
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
litigation@thehadilawfirm.com

            */s/ Rey Flores*
            Rey Flores

NO. CV21-04-0136

| | | |
|---|---|---|
| **SAMUEL ESPINAL OSMAR** § | | **IN THE DISTRICT COURT** |
| **Plaintiff,** § | | |
| § | | |
| § | | **506th JUDICIAL DISTRICT** |
| **V.** § | | |
| § | | |
| **4-2 MANUFACTURING TEXAS, LLC** § | | |
| **D/B/A EAST TEXAS PRECAST** § | | |
| **Defendant.** § | | **OF WALLER COUNTY, TEXAS** |

### PLAINTIFF'S SECOND AMENDED PETITION WITH REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, SAMUEL OSMAR ESPINAL, hereinafter called Plaintiff, complaining of and about MI-JACK PRODUCTS INC., hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure Plaintiff intends that discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2.  Plaintiff, SAMUEL OSMAR ESPINAL, is an individual who resides in Hempstead, Texas.

3.  Defendant, MI-JACK PRODUCTS INC., is a Foreign for profit corporation licensed to do business in the state of Texas, and service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

1

Exhibit 1

Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant MI-JACK PRODUCTS INC. is located in the State of Texas and conducts business in Texas.

6. Venue in Waller County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. On April 23, 2019, Plaintiff was on the worksite for 4-S MANUFACTURING TEXAS, LLC D/B/A EAST TEXAS PRECAST CO., LTD. when the crane operator was placing a bar on top of a commercial truck. The crane in question was procured, maintained and/or manufactured by Defendant MI-JACK PRODUCTS INC. The chain snapped on the crane causing the bar to fall and hit the Plaintiff which caused the Plaintiff to be pushed under a car. As a result of this accident, Plaintiff sustained serious personal injuries for which he had to seek the care of medical professionals.

## PLAINTIFF'S CLAIM OF NEGLIGENCE

8. Plaintiff incorporates all preceding paragraphs by reference as if set forth in full herein.

9. Defendant failed to act in accordance with the appropriate standard of care, causing Plaintiff to suffer personal injuries. Defendant knew or reasonably should have known of the danger of its actions and breached its duty to Plaintiff by failing to act in a reasonably prudent

manner.

10. All of the foregoing acts and omissions on the part of the Defendant constitute a direct and proximate cause of the injuries suffered and damages incurred by Plaintiff.

**PLAINTIFF'S CLAIM OF STRICT LIABILITY – PRODUCT DEFECT AGAINST MI-JACK PRODUCTS INC.**

11. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as through fully set forth herein.

12. At all times relevant, Defendant MI-JACK PRODUCTS INC. was engaged in the business of designing, manufacturing and delivering for use the crane which malfunctioned and caused Plaintiff's injuries and damages.

13. At all times relevant, Defendant, MI-JACK PRODUCTS INC. knew or should have known the crane was defective and unreasonably dangerous when put to ordinary and foreseeable use and despite its knowledge, placed the product in the stream of commerce with the purpose and intention that it be installed on the premises and used by ordinary users and consumers, including Plaintiff.

14. At all times relevant, there existed one or more safer alternative designs that were economically and technologically feasible, any one of which would have prevented or reduced the risk of malfunction, freefall, and other sudden, erratic, violent, and/or abnormal movement, and thus the Plaintiff's injuries and damages.

15. The agent and/or representative of 4-S MANUFACTURING TEXAS, LLC D/B/A EAST TEXAS PRECAST CO., LTD. used the crane in a manner intended by, reasonably foreseeable to and/or recommended by Defendant MI-JACK PRODUCTS INC.

16. At the time of the incident, the crane was supplied by Defendant, MI-JACK

PRODUCTS INC., the crane was defective and unreasonably dangerous in at least the following ways:

    a. It was defectively designed;

    b. It was defectively manufactured;

    c. It failed to contain adequate warning and instructions for use; and

    d. It failed to conform to defendant's express warranties, implied warranties and/or Defendant's factual representations.

## DAMAGES FOR PLAINTIFF SAMUEL OSMAR ESPINAL

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, SAMUEL OSMAR ESPINAL, was caused to suffer personal injuries, and to incur the following damages:

    A. The physical pain and mental anguish in the past and future;

    B. The reasonable and necessary costs for medical care and treatment, including doctors, hospitals, nurses, medicines, and other services and supplies in the past and future;

    C. Physical impairment in the past and future;

    D. The physical pain and suffering in the past and future;

    E. Physical disfigurement in the past and future; and

## NOTICE OF USE

18. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant is hereby notified that Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and trial. Defendant is required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

## REQUEST FOR DISCLOSURES

19.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, the information and material described in Rule 194.2 within thirty (30) days of after the filing of the first answer or general appearance, the information and material described in Rule 194.2.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

20.     Under the Texas Rules of Civil Procedure 47 (c), Plaintiff seeks monetary relief over $250,000.00 but less than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and judgement for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## DESIGNATED E-SERVICE EMAIL ADDRESS

21.     The following is the undersigned attorney's designated e-Service email address for all e- served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Litigation@TheHadiLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## REQUEST FOR DEPOSITION DATES

22.     Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, within fifty (50) days of service of this request, dates that Defendant is available for Plaintiff to take Defendant's deposition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, SAMUEL OSMAR ESPINAL, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        **THE HADI LAW FIRM, PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
Seve Thomas
Texas Bar No. 24115145
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Telephone: (832) 433-7977
Facsimile: (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFFS HEREBY DEMAND TRIAL BY JURY**

**DATE FILED: May 13, 2021**

CAUSE NO. CV21-04-0136

| | | |
|---|---|---|
| SAMUEL ESPINAL OSMAR<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COUR |
| v. | §<br>§ | WALLER COUNTY, TE |
| 4-2 MANUFACTURING TEXAS, LLC<br>D/B/A EAST TEXAS PRECAST<br>*Defendant.* | §<br>§<br>§ | 506TH JUDICIAL DIST |

## ORDER ON DEFENDANT MI-JACK'S SPECIAL EXCEPTIONS TO PLAINTIFF'S SECOND AMENDED PETITION

The Court has considered Defendant Mi-Jack Products, Inc.'s ("Mi-Jack") Special Exceptions to Plaintiff's Second Amended Petition and rules as follows:

**Special Exception No. 1 (Negligence)**: Second Amended Petition ¶¶ 8-10

To properly plead negligence, Plaintiff must plead: (1) the specific legal duty or duties he alleges Mi-Jack owed him, and the legal bases for those duties; and (2) facts in support of his claim that Mi-Jack breached those legal duties.

_____ SUSTAINED          _____ OVERRULED

**Special Exception No. 2 (Design Defect)**: Second Amended Petition ¶¶ 11-16

To properly plead a design defect product liability claim, Plaintiff must plead: (1) that the product was defectively designed so as to render it unreasonably dangerous, (2) that a safer alternative design existed, and (3) that the defective design was a producing cause of the plaintiff's injury; and facts supporting each of the above elements.

_____ SUSTAINED          _____ OVERRULED

**Special Exception No. 3 (Manufacturing Defect)**: Second Amended Petition ¶¶ 11-16

To properly plead a manufacturing defect product liability claim, Plaintiff must: (1) identify a product defect, (2) that existed at the time the product left the manufacturer's hands, (3) that made the product unreasonably dangerous, and (4) that was a producing cause of plaintiff's injury; and facts supporting each of the above elements.

\_\_\_\_\_ SUSTAINED          \_\_\_\_\_ OVERRULED

**Special Exception No. 4 (Marketing Defect)**: Second Amended Petition ¶¶ 11-16

To properly plead a marketing defect product liability claim, Plaintiff must plead: (1) that a risk of harm was inherent in the product or might arise from the intended or reasonably anticipated use of the product, (2) that the supplier of the product knew or reasonably could foresee the risk of harm at the time the product was marketed, (3) that the product had a marketing defect, (4) that the lack of instructions or warnings rendered the product unreasonably dangerous to the ultimate user or consumer of the product, and (5) that the failure to warn or instruct caused the plaintiff's injuries; and facts supporting each of the above elements.

\_\_\_\_\_ SUSTAINED          \_\_\_\_\_ OVERRULED

**Special Exception No. 5 (Warranties and Factual Representations)**: Second Amended Petition ¶¶ 11-16

Plaintiff must plead facts in support of his claim that crane failed to conform to Mi-Jack's express warranties, implied warranties, and/or Mi-Jack's factual representations.

\_\_\_\_\_ SUSTAINED          \_\_\_\_\_ OVERRULED

SIGNED this \_\_\_\_\_ day of _____, 2021.

_____
HON. GARY W. CHANEY
506th DISTRICT COURT